IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HEATHER M. Y.[1]              )
                              )
    Plaintiff,             )
                              )
vs.                           )  Case No. 17-cv-01037-CJP[2]
                              )
COMMISSIONER OF SOCIAL        )
SECURITY,                     )
                              )
    Defendant.             )

## **MEMORANDUM and ORDER**

In accordance with 42 U.S.C. § 405(g), Heather M. Y. ("Plaintiff") seeks judicial review of the final agency decision denying her application for Supplemental Security Income ("SSI") pursuant to 42 U.S.C. § 423.

## **Procedural History**

Plaintiff applied for SSI on October 4, 2013, alleging a disability onset date of October 5, 2012. (Tr. 198). Her application was denied at the initial level (Tr. 104) and again upon reconsideration (Tr. 125). Plaintiff requested an evidentiary hearing (Tr. 138), which Administrative Law Judge ("ALJ") Stuart Janney conducted on June 22, 2016 (Tr. 40-88). ALJ Janney reached an unfavorable decision on September 1, 2016. (Tr. 15-33). The Appeals Council denied Plaintiff's request for review (Tr. 1-3), rendering the ALJ's decision the final agency decision, *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008). Plaintiff

---

[1] The Court will not use plaintiff's full name in this Memorandum and Order in order to protect her privacy. See FED. R. CIV. P. 5.2(c) and the Advisory Committee Notes thereto.
[2] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). See Doc. 18.

exhausted all of her administrative remedies and filed a timely Complaint in this Court. (Doc. 1).

## Issues Raised by Plaintiff

Plaintiff argues the ALJ failed to consider all of her limitations when constructing the RFC and erroneously assessed her subjective complaints.

## Applicable Legal Standards

To qualify for SSI, a claimant must be disabled within the meaning of the applicable statutes.[3] For these purposes, "disabled" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

A "physical or mental impairment" is an impairment resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). "Substantial gainful activity" is work activity that involves doing significant physical or mental activities, and that is done for pay or profit. 20 C.F.R. § 404.1572.

Social Security regulations set forth a sequential five-step inquiry to

---

[3] The statutes and regulations pertaining to Disability Insurance Benefits (DIB) are found at 42 U.S.C. § 423, et seq., and 20 C.F.R. pt. 404. The statutes and regulations pertaining to SSI are found at 42 U.S.C. §§ 1382 and 1382c, et seq., and 20 C.F.R. pt. 416. As is relevant to this case, the DIB and SSI statutes are identical. Furthermore, 20 C.F.R. § 416.925 detailing medical considerations relevant to an SSI claim, relies on 20 C.F.R. Pt. 404, Subpt. P, the DIB regulations. Most citations herein are to the DIB regulations out of convenience.

determine whether a claimant is disabled. The Seventh Circuit Court of Appeals has explained this process as follows:

> The first step considers whether the applicant is engaging in substantial gainful activity. The second step evaluates whether an alleged physical or mental impairment is severe, medically determinable, and meets a durational requirement. The third step compares the impairment to a list of impairments that are considered conclusively disabling. If the impairment meets or equals one of the listed impairments, then the applicant is considered disabled; if the impairment does not meet or equal a listed impairment, then the evaluation continues. The fourth step assesses an applicant's residual functional capacity (RFC) and ability to engage in past relevant work. If an applicant can engage in past relevant work, he is not disabled. The fifth step assesses the applicant's RFC, as well as his age, education, and work experience to determine whether the applicant can engage in other work. If the applicant can engage in other work, he is not disabled.

*Weatherbee v. Astrue*, 649 F.3d 565, 568-569 (7th Cir. 2011).

Stated another way, it must be determined: (1) whether the claimant is presently unemployed; (2) whether the claimant has an impairment or combination of impairments that is serious; (3) whether the impairments meet or equal one of the listed impairments acknowledged to be conclusively disabling; (4) whether the claimant can perform past relevant work; and (5) whether the claimant is capable of performing any work within the economy, given his or her age, education and work experience. 20 C.F.R. § 404.1520; *Simila v. Astrue*, 573 F.3d 503, 512-513 (7th Cir. 2009); *Schroeter v. Sullivan*, 977 F.2d 391, 393 (7th Cir. 1992).

If the answer at steps one and two is "yes," the claimant will automatically be found disabled if he or she suffers from a listed impairment, determined at

step three. If the claimant does not have a listed impairment at step three, and cannot perform his or her past work (step four), the burden shifts to the Commissioner at step five to show that the claimant can perform some other job. *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984). *See also Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001) (Under the five-step evaluation, an "affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled. . . . If a claimant reaches step 5, the burden shifts to the ALJ to establish that the claimant is capable of performing work in the national economy.").

This Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made. It is important to recognize that the scope of review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Thus, this Court must determine not whether plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. See, *Books v. Chater*, 91 F.3d 972, 977-78 (7th Cir. 1996) (citing *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995)). This Court uses the Supreme Court's definition of substantial evidence, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

In reviewing for "substantial evidence," the entire administrative record is

taken into consideration, but this Court does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Brewer v. Chater*, 103 F.3d 1384, 1390 (7th Cir. 1997); *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. See, *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.

### The ALJ's Decision

ALJ Janney followed the five-step analytical framework set forth above. He determined Plaintiff had not engaged in substantial gainful activity since September 18, 2013, the application date, and had severe impairments of history of motor vehicle accident resulting in polytrauma involving the right lower extremity; cervical spine degenerative disc disease with left-sided radiculopathy treated surgically; mood disorder; depression; anxiety; post-traumatic stress disorder; and chronic pain syndrome. (Tr. 17). Plaintiff's impairments did not meet or equal a listing. (Tr. 19). She had the RFC to perform sedentary work, with several additional limitations. (Tr. 21). She could perform jobs that existed in significant numbers in the national economy and, therefore, was not disabled (Tr. 32-33).

### The Evidentiary Record

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. The following summary of the record is directed to the points raised by Plaintiff.

### 1. The Evidentiary Hearing

Plaintiff appeared at an evidentiary hearing before ALJ Janney in June 2016. (Tr. 40-88). She testified she was involved in a motor vehicle accident in 2006, where an intoxicated driver collided with her vehicle, head on, travelling at 100 miles-per-hour. Plaintiff's foot was crushed into 75 pieces and she sustained other injuries to her hand, knee, and neck. (Tr. 50-51). Aside from physical ailments, Plaintiff attributes several psychological problems to the accident. She suffers from bipolar depression, post-traumatic stress disorder, and anxiety. Her mental health issues negatively affect her concentration, decision-making, "behavior," and ability to complete tasks. (Tr. 59). She experiences outbursts of anger about four times each month, daily panic attacks, and thoughts of self-harm. (Tr. 60-64).

### 2. The Medical Record

State-agency consultant Dr. Lionel Hudspeth conducted a psychiatric review technique of Plaintiff on December 22, 2013. (Tr. 94-95). He concluded Plaintiff suffered from affective and anxiety-related disorders that resulted in mild difficulties in maintaining concentration, persistence, or pace. (Tr. 95).

Dr. Joseph Mehr, another state-agency consultant, conducted a psychiatric review technique of Plaintiff on November 19, 2014. (Tr. 113-14). He opined Plaintiff suffered from affective and anxiety-related disorders, which caused Plaintiff mild restrictions in completing activities of daily living, moderate difficulties in maintaining social functioning, and mild difficulties maintaining concentration, persistence, or pace. (Tr. 113). Dr. Mehr's mental RFC assessment of Plaintiff concluded Plaintiff was moderately limited in maintaining attention and concentration for extended periods but was not significantly limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 120). Dr. Mehr later explained Plaintiff retained "sufficient attention and concentration to persist at and complete work activities for the usual periods of time required in the general work force" and had "the capacity to complete a normal work day and work week on a regular basis." In addition, Plaintiff "has the capacity to understand and remember instructions for simple work of a routine and repetitive type." (Tr. 121).

## Analysis

Plaintiff asserts ALJ Janney failed to construct an RFC that accommodates all of her psychological impairments. "The RFC is an assessment of what work-related activities the claimant can perform despite her limitations." *Young v.*

*Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). The RFC must take into consideration all of the relevant evidence in the record. *Id.*

ALJ Janney determined Plaintiff has moderate difficulties in concentration, persistence, or pace ("CPP"). He attempted to accommodate these limitations by restricting Plaintiff to simple, repetitive tasks, (Tr. 21), but the Seventh Circuit has repeatedly rejected that this restriction sufficiently accounts for difficulties in CPP. *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014); *Varga v. Colvin*, 794 F.3d 809, 814-15 (7th Cir. 2015); *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009); *Young v. Barnhart*, 362 F.3d 995, 1004 (7th Cir. 2004); *Craft v. Astrue*, 539 F.3d 668, 677 (7th Cir. 2008); *Ramirez v. Barnhart*, 372 F.3d 546, 554 (7th Cir. 2004).

Without acknowledging any of this authority, the Commissioner argues the ALJ was entitled to rely on the opinions of Dr. Mehr, who opined Plaintiff could perform simple, repetitive work and was otherwise not restricted by her limitations in CPP. (Tr. 121). Dr. Mehr's opinions, however, are contradictory and contrary to Seventh Circuit precedent.

Dr. Mehr first opined Plaintiff had *mild* difficulties maintaining concentration, persistence, or pace, (Tr. 113), and in the same review, opined Plaintiff was *moderately* limited in maintaining attention and concentration, (Tr. 120). Despite finding Plaintiff had difficulties in these aspects of functioning, Dr. Mehr stated Plaintiff had "sufficient attention and concentration to persist at and complete work activities for the usual periods of time required in the general

work force" and "the capacity for adequate pace and perseverance to maintain a schedule . . . and . . . complete a normal work day and work week on a regular basis. (Tr. 121). In other words, it appears Dr. Mehr found Plaintiff had limitations (either mild or moderate) in CPP while also finding that limitations in CPP would not affect her functioning. Although Dr. Mehr limited Plaintiff to simple, repetitive tasks and limited interaction with the public, the Seventh Circuit, as stated above, consistently rejects that those restrictions are sufficient to account for difficulties in CPP.

In sum, the ALJ failed to accommodate Plaintiff's moderate limitations in CPP. The RFC assessment was clearly erroneous and this error, alone, warrants remand.

The Court stresses that this Memorandum and Order should not be construed as an indication that the Court believes Plaintiff was disabled during the relevant period, or that she should be awarded benefits. On the contrary, the Court has not formed any opinions in that regard, and leaves those issues to be determined by the Commissioner after further proceedings.

## Conclusion

The Commissioner's final decision denying Plaintiff's application for social security disability benefits is **REVERSED** and **REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk of Court is directed to enter judgment in favor of Plaintiff.

**IT IS SO ORDERED.**

**DATE: September 19, 2018.**

<div style="margin-left:40%">

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

</div>